## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RUFUS DAVIS**<br>**4273 Brooks Street, NE**<br>**Washington, DC 20003,**<br><br>**MICHAEL DOTSON**<br>**1847 Good Hope Road**<br>**Washington, DC 20003**<br><br>       **Plaintiffs,**<br>**v.**<br><br>**Keith Blakely**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001**<br><br>**Larry Murchinson**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001**<br><br>**Ali-Baba Roberts**<br>**300 Indiana Avenue, NW**<br>**Washington, DC 20001**<br><br>**The District of Columbia**<br>**1350 Pennsylvania Avenue, NW**<br>**Washington, DC 20001**<br><br>       **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant District of Columbia, by and through undersigned counsel, respectfully

presents this Notice of Removal from the Superior Court of the District of Columbia,

Civil Division, pursuant to 28 U.S.C. § 1441, *et seq.*, and state as grounds for removal:

    1.    Plaintiffs Rufus Davis and Michael Dotson have filed an action against the

defendants in the Superior Court of the District of Columbia, Civil Division, Case No. 07

CA 006312 B, alleging that the defendants violated their Fourth, Fifth, and Fourteenth Amendment rights.

2.      This action is removable to this Court because of the existence of federal questions raised by Plaintiff's Complaint.  Causes of action "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable without regard to the citizenship or residence of the parties.  *See* 28 U.S.C. § 1441(b).  In paragraphs 12 through 20 and 57 through 65, the plaintiffs raise a federal question by asserting federal claims actionable pursuant to 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received or sent by undersigned counsel in this matter are attached hereto as Exhibit 1 and incorporated by reference herein.

WHEREFORE, the District prays the action now pending against the in the Superior Court of the District of Columbia, Civil Division, be removed to this Court.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

    /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001

(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov


DATE:        December 17, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December, 2007, I caused the foregoing Notice of Removal to be filed with the Clerk of the D.C. Superior Court using the CaseFileXpress system, which will send notification of such filing to:

Ian Williams
717 D Street, NW #400
Washington, DC 20004

Shana L. Frost
Assistant Attorney General

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Rufus Davis<br>4273 Brooks Street, N.E.<br>Washington, D.C. 20003, | ) <br> ) <br> ) <br> ) | Case No. |
| Michael Dotson<br>1847 Good Hope Road<br>Washington, D.C. 20003 | ) <br> ) <br> ) <br> ) | 0006312-07 |
| Plaintiffs, | ) <br> ) | RECEIVED<br>Civil Clerk's Office<br>SEP 1 4 2007<br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |
| v. | ) <br> ) | |
| Keith Blakely<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001, | ) <br> ) <br> ) <br> ) | |
| Larry Murchinson<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001, | ) <br> ) <br> ) <br> ) | |
| Ali-Baba Roberts<br>300 Indiana Avenue, N.W.<br>Washington, D.C. 20001, | ) <br> ) <br> ) <br> ) | |
| Various John Doe MPD Officers<br>300 Indiana Avenue<br>Washington, D.C. 20001, | ) <br> ) <br> ) <br> ) | |
| The District of Columbia<br>serve:<br>Hon. Adrian Fenty (Mayor)<br>1350 Pennsylvania Ave, N.W.<br>Washington, D.C. 20001 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| Linda Singer (Attorney General)<br>441 Fourth Street; Room 600S<br>Washington, D.C. 20001 | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) <br> ) | |

1

## COMPLAINT

Plaintiffs Rufus Davis and Michael Dobson hereby sue defendants Keith Blakely, Larry Murchinson, Ali-Baba Roberts and various other as yet unknown MPD officers and the District of Columbia and seek to recover damages from defendants, jointly and severally, and in support thereof state the following:

1. This Court has jurisdiction over the action pursuant to D.C. Code 11-921 as the action arose in the District of Columbia, and is brought pursuant to 42 U.S.C. sec. 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and under the Laws of the District of Columbia.

2. Plaintiffs are citizens of the United States, District of Columbia residents and adults more than eighteen years old.

3. At all times relevant hereto, the named individual defendants were Washington Metropolitan Police Department officers and at all times relevant to this action were acting in such capacity as the agents, servants, and employees of the District of Columbia.

4. At all times relevant hereto, the John Doe individual defendants were police officers of the Washington Metropolitan Police Department and at all times relevant to this action, were acting as agents, servants, and employees of defendants District of Columbia.

5. Defendant District of Columbia is a Municipal Corporation, that at all times relevant to this action, employed the named individual defendants and the various John Doe defendants as police officers.

6. On September 18, 2006 at approximately 2:00 p.m. some of the individual defendants engaged in a vehicular pursuit of Mr. Davis following an alleged domestic incident in the 3300

block of Ames Street, N.E., Washington, D.C.  The pursuit ended in the 4200 block of Brooks Street, N.E., Washington, D.C. when Mr. Davis stopped and exited his vehicle.

7. Mr. Davis approached Mr. Dotson who momentarily embraced him.  Mr. Davis subsequently turned towards the individual defendants who thereupon brandished their service weapons and without legal justification willfully, maliciously and intentionally shot him repeatedly.

8. Mr. Davis was rendered unconscious, suffered life-threatening injuries and permanent injuries and taken into custody charged with assaulting a police officer while armed.

9. Mr. Davis has remained in custody since the incident.

10. Mr. Davis suffered life-threatening, permanent physical injuries and extreme emotional pain and mental anguish as a result of the incident.

11. Mr. Dotson was standing less than six feet away from Mr. Davis at the time of the shooting and he suffered extreme fear and emotional suffering upon seeing the service weapons pointed and discharged in immediate proximity to him.

<u>Count I: Violation of 42 U.S.C. 1983, et seq. (Mr. Davis)</u>

12. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through eleven.

13. The various individual defendants accosted, assaulted and arrested Mr. Davis without legal cause, thereby violating his rights under the United States Constitution, specifically 1) his Fourth Amendment rights to be free from illegal search and seizure, 2) his right not to be deprived of life, liberty, and property without due process of law secured by the Fifth and Fourteenth Amendments and 3) various other rights secured by the Constitution and the laws of the District of Columbia.

14. By intentionally, maliciously, and unreasonably accosting, assaulting and arresting Mr. Davis with excessive and deadly force, the various police officers defendants deprived Mr. Davis of his constitutional rights, including specifically 1) his Fourth Amendment right to be free from illegal searches and seizures, 2) his right not to be deprived of life, liberty, and property without due process of law secured by the Fourteenth Amendment of the United States Constitution, and 3) his rights under the Constitution and the laws of the District of Columbia.

15. By intentionally, maliciously, and unreasonably accosting, assaulting and arresting Mr. Davis and using excessive force and deadly force, defendant officers knowingly violated Mr. Davis' statutory and constitutional right to be free from unreasonable and warrantless seizures.

16. Each and all of the acts of the individual defendant police officers were committed by such officers, not just as individuals, but under the color and pretense of their authority as Washington Metropolitan Police Department officers.

17. As a direct and proximate result of each and all of the above described acts by the individual defendants, while acting in their capacities as Washington Metropolitan Police officers, Mr. Davis suffered extreme, permanent and life-threatening injuries and bodily harm against which he is entitled to protection from the Constitution of the United States and the laws of the District of Columbia.

18. The failure of the District of Columbia to provide proper hiring, training, supervision, and discipline regarding the proper reasons for detaining and the proper amount of force to use in arresting a citizen amounts to deliberate indifference to the safety, treatment, and well-being of the citizens of and visitors to the District of Columbia. This deliberate indifference was a proximate cause Mr. Davis' physical and other injuries.

4

19. Defendant District of Columbia is directly liable and responsible for the acts of its police officers because it repeatedly and with deliberate indifference failed to enforce the laws of the District of Columbia and Regulations of the Washington Metropolitan Police Department pertaining to the use of force by Metropolitan Police officers in effectuating arrests of individuals, thereby condoning, ratifying, and adopting the officers' unreasonable and egregious behavior regarding the use of excessive force.

20. Mr. Davis will incur attorney's fees in prosecuting this action that are compensable against the defendants.

<u>Count II: Assault (Messrs. Davis and Dotson)</u>

21. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through twenty.

22. The individual named and unknown defendants intended to cause Messrs. Davis and Dotson to be in imminent apprehension of harmful and offensive contact and excessive force.

23. Messrs. Davis and Dotson were placed in imminent apprehension of harmful and offensive contact and excessive force by the acts of the individual named and unknown defendants.

24. The individual named and unknown defendants acted maliciously and in reckless disregard of the law, with the specific intent to severely injure Messrs. Davis and Dotson in fear of severe and imminent bodily harm.

25. As a direct and proximate result of the unprovoked assault and excessive force by the individual named and unknown defendants, Messrs. Davis and Dotson suffered serious and permanent injuries, severe mental distress and mental anguish and pecuniary loss.

26. The acts, conduct and behavior of the individual named and unknown defendants were performed knowingly, intentionally and maliciously, by reason of which Messrs. Davis and Dotson are entitled to compensatory and punitive damages.

27. All the acts of the individual named and unknown defendants were done with the intent to serve the District of Columbia and were done within the scope of their employment by and, under the authority of the District of Columbia and were authorized, ratified and adopted by the District of Columbia.

<u>Count III: Battery (Mr. Davis)</u>

28. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through twenty-seven.

29. The individual named and unknown defendants intended to subject Mr. Davis to harmful and offensive contact and excessive force.

30. The individual named and unknown defendants subjected Mr. Davis to harmful and offensive contact and excessive force under the circumstances.

31. The individual named and unknown defendants acted maliciously and in reckless disregard of the law, with the specific intent to subject Mr. Davis to harmful and offensive contact and excessive force under the circumstances.

32. As a direct and proximate result of this unprovoked assault and battery and exercise of excessive force by the individual named and unknown defendants, Mr. Davis suffered serious and permanent physical injuries, severe pain, suffering, mental distress, anguish and substantial pecuniary loss.

33. The acts, conduct and behavior of the individual named and unknown officers were performed knowingly, intentionally and maliciously, entitling Mr. Davis to actual and punitive damages.

34. All the acts of the individual named and unknown defendants, as described herein, were done with the intent to serve the District of Columbia and were done within the scope of their employment by and, under the authority of the District of Columbia and were authorized, ratified and adopted by the District of Columbia.

Count IV: Intentional Infliction of Emotional Distress (Messrs. Davis and Dotson)

35. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through thirty-four.

36. The individual named and unknown defendants deliberately, willfully, maliciously, and with deliberate disregard for the consequences engaged in conduct that resulted in extreme emotional distress to Messrs. Davis and Dotson.

37. The individual named and unknown defendants' conduct was extreme and outrageous and beyond all bounds of decency in a civilized society.

38. As a direct and proximate result of this egregious conduct by the individual named and unknown defendants Messrs. Davis and Dotson have suffered and will continue to suffer serious and permanent mental and emotional distress, humiliation and mental anguish, and substantial pecuniary loss.

39. All the acts of the individual named and unknown defendants, as described herein, were done with the intent to serve the District of Columbia and were done within the scope of their

employment by and, under the authority of the District of Columbia and were authorized, ratified and adopted by the District of Columbia.

## COUNT V: FALSE ARREST/FALSE IMPRISONMENT (Mr. Davis)

40. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through thirty-nine.

41. The individual named and unknown defendants arrested Mr. Davis and placed him in custody without probable cause or reasonable suspicion.

42. The individual named and unknown lacked a good faith basis for believing that Mr. Davis had committed any violations of the law.

43. As a direct and proximate result of this unlawful arrest,    Mr. Davis has suffered serious and unnecessary mental distress and mental anguish.

44. The acts, conduct and behavior of the individual named and unknown defendants were performed knowingly, intentionally and maliciously, thereby entitling Mr. Davis to compensatory and punitive damages.

45. All the acts of the individual named and unknown defendants, as described herein, were done with the intent to serve the District of Columbia and were done within the scope of their employment by and, under the authority of the District of Columbia and were authorized, ratified and adopted the District of Columbia.

## Count VI: Negligence (Messrs. Davis and Dotson

46. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through forty-five.

47. The individual named and unknown defendants owed Messrs. Davis and Dotson a duty of ordinary care when they were interacting with them.

48. The individual named and unknown defendants breached that duty by unreasonably stopping, accosting and apprehending Mr. Davis without provocation and pointing a firearm in Mr. Dotson's immediate direction.

49. The individual named and unknown defendants' conduct was excessive and unreasonable under the circumstances.

50. The individual named and unknown defendant officers were acting within the scope of their employment for the District of Columbia, and therefore, the District is also liable for the officer's negligence under the principle of *respondeat superior*.

51. As a direct and proximate cause of the breach of duties owed to Messrs. Davis and Dotson by the individual named and unknown defendants Messrs. Davis and Dotson have suffered and continue to suffer serious and continuous pain and suffering, severe mental and emotional distress and mental anguish, and pecuniary loss.

<u>Count VII: Negligent Training and Supervision (Both Plaintiffs Against Only District of Columbia)</u>
52. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through fifty-one.

53. The District of Columbia owed a duty of reasonable care to Messrs. Davis and Dotson as citizens subject to its police powers. Commensurate with that duty, the District of Columbia was obligated to adequately train, supervise, and discipline the individual named and unknown defendants in the various intricacies regarding the law of arrest and the proper procedures to be followed by police officers when determining the existence of probable cause/reasonable suspicion and making an arrest.

54. Defendant District of Columbia breached this duty by failing to provide proper training, supervision, and discipline regarding, inter alia, the methods for interacting with citizens, responding to a citizen call for assistance, determining the existence or lack thereof of probable cause and/or reasonable suspicion, when to use force in connection with establishing authority and when to use excessive force in connection with making an arrest and establishing order.

55. These failures amount to unreasonable conduct below the required standard of care under the circumstances.

56. As a direct and proximate cause of the breach of the foregoing duties owed to by the District of Columbia to all its citizens, Messrs. Davis and Dotson suffered and continue to suffer severe and permanent bodily injuries, severe and continuous pain and suffering, severe mental and emotional distress and mental anguish, and pecuniary loss.

#### Count I: Violation of 42 U.S.C. 1983, et seq. (Mr. Davis)

57. Plaintiffs hereby incorporate by reference the facts set forth in paragraphs one through fifty-six.

58. The various individual defendants assaulted Mr. Dotson without legal cause, thereby violating his rights under the United States Constitution, specifically 1) his Fourth Amendment rights to be free from illegal seizure, 2) his right not to be deprived of life, liberty, and property without due process of law secured by the Fifth and Fourteenth Amendments and 3) various other rights secured by the Constitution and District of Columbia laws.

59. By intentionally, maliciously, and unreasonably assaulting Mr. Dobson with excessive force, the various police officers defendants deprived Mr. Dotson of his constitutional rights, including specifically 1) his Fourth Amendment right to be free from illegal seizure, 2) his right not

to be deprived of life, liberty, and property without due process of law secured by the Fourteenth

Amendment of the United States Constitution, and 3) his rights under the Constitution and the laws

of the District of Columbia.

60. By intentionally, maliciously, and unreasonably accosting, assaulting and arresting Mr.

Dotson and using excessive force, defendant officers knowingly violated Mr. Dotson's statutory

and constitutional right to be free from unreasonable and warrantless seizures.

61. Each and all of the acts of the individual defendant police officers were committed by

such officers, not just as individuals, but under the color and pretense of their authority as

Washington Metropolitan Police Department officers.

62. As a direct and proximate result of each and all of the above described acts by the

individual defendants, while acting in their capacities as Washington Metropolitan Police officers,

Mr. Davis suffered extreme, permanent and life-threatening injuries and bodily harm against which

he is entitled to protection from the Constitution of the United States and District of Columbia laws.

63. The failure of the District of Columbia to provide proper hiring, training, supervision,

and discipline regarding the proper reasons for detaining and the proper amount of force to use in

arresting a citizen amounts to deliberate indifference to the safety, treatment, and well-being of the

citizens of and visitors to the District of Columbia.  This deliberate indifference was a proximate

cause of both plaintiffs' serious injuries.

64. Defendant District of Columbia is directly liable and responsible for the acts of its

police officers because it repeatedly and with deliberate indifference failed to enforce the laws of

the District of Columbia and Regulations of the Washington Metropolitan Police Department

pertaining to the use of force by Metropolitan Police officers in effectuating arrests of individuals,

thereby condoning, ratifying, and adopting the officers' unreasonable and egregious behavior regarding the use of excessive force.

65. Mr. Dotson will incur attorney's fees in prosecuting this action that are compensable against the defendants.

**WHEREFORE,** plaintiff Rufus Davis demands judgment in the amount of $1,000,000.00 compensatory damages from all defendants jointly and severally, $2,000,000.00 punitive damages from the various individual named defendants and the various John Doe MPD officers, jointly and severally, together with costs, including reasonable attorney's fees for prosecuting this action.

**WHEREFORE,** plaintiff Michael Dotson demands judgment in the amount of $100,000.00 compensatory damages from all defendants jointly and severally, $200,000.00 punitive damages from the various individual named defendants and various John Doe MPD officers, jointly and severally, together with costs, including reasonable attorney's fees for prosecuting this action.

Respectfully Submitted,

Ian A. Williams #417772
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 842-2700

(Attorneys for plaintiffs
Rufus Davis and
Michael Dotson)

## JURY DEMAND

Plaintiffs respectfully demand a jury trial on all issues.

Ian A. Williams

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rufus Davis, 4273 Brooks Street, NE, Washington, DC 20003 Michael Dotson, 1847 Good Hope Road, Washington, DC | Keith Blakely, Larry Murchison, Ali-Baba Roberts, District of Columbia |

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dist. of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Ian Williams
717 D Street, NW #400
Washington, DC 20004
(202) 842-2700

ATTORNEYS (IF KNOWN)

Shana Frost, Assistant Attorney General
Office of the Attorney General for the District of Columbia
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff

● 3 Federal Question (U.S. Government Not a Party)

○ 2 U.S. Government Defendant

○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. Antitrust

☐ 410 Antitrust

○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency Is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| **G.** *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *\*(If pro se, select this deck)\** | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *\*(If pro se, select this deck)\** | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☒ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding  ◉ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. Sec. 1983 - violation of constitutional rights

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** 600,000.00   **JURY DEMAND:** YES ☒ NO ☐   Check YES only if demanded in complaint

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐ NO ☒  If yes, please complete related case form.

**DATE** 12/17/07   **SIGNATURE OF ATTORNEY OF RECORD**

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.