UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUFUS DAVIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 07-2262 (RWR) |
| ) | |
| v. ) | |
| ) | |
| KEITH BLAKELY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## DISTRICT OF COLUMBIA'S PARTIAL MOTION TO DISMISS

Defendant District of Columbia, by and through its undersigned counsel and pursuant to Fed. R. Civ. P 12, respectfully moves for partial dismissal of the above-captioned matter.[1]  As set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs' common law claims against the District of Columbia should be dismissed as they have failed to comply with the mandatory notice requirements of D.C. Code § 12-309.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

---

[1] At the time this Motion was filed, no service appears to have been effectuated on the individual defendants.

    /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RUFUS DAVIS**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-2262 (RWR) |
| v. | ) ) ) | |
| **KEITH BLAKELY**, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM IN SUPPORT OF THE DISTRICT OF COLUMBIA'S
PARTIAL MOTION TO DISMISS**

Defendant District of Columbia (the "District"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 12, respectfully requests partial dismissal of the above-captioned matter. Specifically, the District requests that the Court dismiss all Plaintiffs' common law claims against it for failure to comply with the mandatory notice requirements of D.C. Code § 12-309.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Rufus Davis and Michael Dotson have filed the above-captioned matter seeking damages for a variety of alleged civil rights and common law deprivations. Plaintiff Davis claims that "[o]n September 18, 2006 at approximately 2:00 p.m. some of the individual defendants engaged in a vehicular pursuit of [him] following an alleged domestic incident in the 3300 block of Ames Street, N.E., Washington, D.C." Compl. ¶ 6. Plaintiff Davis avers that the "pursuit ended in the 4200 block of Brooks Street, N.E." after Plaintiff Davis stopped and exited the vehicle. Compl. ¶ 6. Plaintiff Davis then claims that he approached Plaintiff Dotson "who momentarily embraced him." Compl. ¶

7. Plaintiff Davis alleges that he "subsequently turned towards the individual defendants who thereupon brandished their service weapons and without legal justification willfully, maliciously and intentionally shot him repeatedly." Compl. ¶ 7.

Plaintiff Davis claims that as a result of the shooting, he "was rendered unconscious, suffered life-threatening injuries and permanent injuries and taken into custody [and] charged with assaulting a police officer while armed." Compl. ¶ 8. Plaintiff Dotson alleges that he "was standing less than six feet away from Mr. Davis at the time of the shooting and [that] he suffered extreme fear and emotional suffering upon seeing the service weapons pointed and discharged in immediate proximity to him." Compl. ¶ 11.

On March 19, 2007, more than six months after the alleged incident occurred, the District of Columbia Office of Risk Management received two letters, each dated March 16, 2007 from counsel for Plaintiff Davis and Plaintiff Dotson purporting to provide notice of Plaintiffs' claims to the Mayor of the District of Columbia. *See* Ex. 1 (Letter from I. Williams to Mayor Fenty re. Rufus Davis); Ex. 2 (Letter from I. Williams to Mayor Fenty re. Michael Dotson).

Plaintiffs filed their lawsuit in the Superior Court of the District of Columbia on September 14, 2007. Each Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for violation of their Fourth Amendment rights by the individual officers as well as the District of Columbia by means of an alleged deliberate indifference to the need to properly train and supervise the officers. Compl. (Counts I and VIII). Both Plaintiffs also bring common law claims against all Defendants of assault (Count II), intentional infliction of emotional distress (Count IV), and negligence (Count VI). Plaintiff Davis

brings claims of battery (Count III) and false arrest and imprisonment (Count V) against all Defendants, and both Plaintiffs bring a common law claim of negligent hiring, training and supervision against the District of Columbia. Compl. (Count VII). On December 17, 2007, the District of Columbia removed this action to federal court.

## II.    STANDARD OF REVIEW

For many years, the oft-cited standard of review in determining the sufficiency of a complaint when faced with a motion to dismiss was that set forth by the Supreme Court in *Conley v. Gibson*: "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957).

However, in the recent Supreme Court case of *Bell Atlantic Corp. v. Twombley,* 127 S. Ct. 1955 (2007), the Court re-examined *Conley*, observing that "*Conley's* 'no set of facts' language has been questioned, criticized, and explained away long enough." *Bell Atlantic*, 127 S. Ct. at 1969. The Court concluded that "[t]he phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Conley,* then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.* (citations omitted).

The Supreme Court in *Bell Atlantic* stated that a statement of grounds on which a complaint rests "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Rather, the Court now imposes a "plausibility" standard when judging the sufficiency of a complaint in the face

3

of a motion to dismiss. *Id.* In reviewing Plaintiff's Complaint, it is without dispute that proper notice to the Mayor of the District of Columbia was not provided by either Plaintiff within the six-month statutory time period set forth in D.C. Code § 12-309. Thus, Plaintiffs' common law claims against the District of Columbia are barred.[1]

### III. ARGUMENT

#### A. Plaintiffs' Common Law Claims Against the District Should Be Dismissed for Failure to Comply With the Mandatory Notice Requirements of D.C. Code § 12-309

Section 12-309 of the District of Columbia Code states, in pertinent part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309.

The requirement of compliance with the time limit specified in § 12-309 is absolute, strict, and unqualified. "Unless it demonstrates compliance with the requirements of § 12-309, a plaintiff's suit against the District is properly dismissed because 'no "right of action" or "entitlement to maintain an action" accrues.'" *District of Columbia v. Arnold & Porter*, 756 A.2d 427, 436 (D.C. 2000); quoting *Campbell v. District of Columbia*, 568 A.2d 1076, 1078 (D.C. 1990); *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981). Moreover, our Court of Appeals has long-recognized that "because it is in derogation of the common law principle of sovereign immunity,

---

[1] The issue of the proper characterization of a dispostive motion for failure to comply with D.C. Code § 12-309 was recently addressed by Judge Walton in the case of *Melvin Antonio Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175 (D.D.C. June 22, 2007). In that case, Judge Walton opined that a dispostive motion on § 12-309 grounds should not be brought as a summary judgment motion as "[n]otice-of-claim statutes, like D.C. Code § 12-309, are strictly procedural prerequisites to the filing of a civil action, *see Gwinn v. District of Columbia,* 434 A.2d 1376, 1378 (D.C. 1981) and therefore non-compliance with D.C. Code § 12-309 is subject to a procedural as opposed to a substantive challenge."

4

section 12-309 is to be construed narrowly against claimants." *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999); *see also Doe by Fein v. District of Columbia*, 697 A.2d 23, 29 (D.C. 1997); *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (1995).

In order to maintain an action against the District of Columbia, the plaintiff must "within six months after the injury or damage was sustained" give written notice to the Mayor of the District of Columbia of "the approximate time, place, cause and circumstances of the injury or damage." D.C. Code § 12-309. As the District of Columbia Court of Appeals has repeatedly declared, "compliance with the statutory notice requirement is mandatory," and "notice under § 12-309 is a 'condition precedent' to filing a suit against the District." *Gwinn*, 434 A.2d at 1378.

"Under Section 12-309, the six-month clock begins to run from the moment the plaintiff sustains the injury, not from the moment a cause of action accrues." *Dunmore*, 662 A.2d at 1359. Given the purposes of Section 12-309, "any doubt as to the proper timing for the giving of the notice should be resolved in favor of earlier notice." *District of Columbia v. Ross*, 697 A.2d 14, 19 (D.C. 1997). Moreover, a plaintiff's "lack of full awareness of the seriousness of their injury" does not excuse a plaintiff's failure to give notice." *DeKine v. District of Columbia,* 422 A.2d 981, 988 (D.C. 1980).

Both Plaintiffs' common law claims against the District of Columbia should be dismissed for failure to comply with the notice requirements under D.C. Code § 12-309 as the notice that Plaintiffs provided to the District is untimely. The Plaintiffs sustained their alleged injuries on September 18, 2006. *See* Compl. ¶ 6. The Office of Risk Management received § 12-309 notice from Plaintiffs Davis and Dotson on March 19,

5

2007, just after the expiration of the six-month time period.  *See* Ex. 1 & Ex. 2.  While the letters are dated March 16, 2007, the District did not *receive* notice of the Plaintiffs' claims within the six month notice period.  Thus, any common law claims Plaintiff Davis and Plaintiff Dotson seek to assert against the District of Columbia must be dismissed.

In the *DeKine* case, the District of Columbia Court of Appeals expressly rejected the notion that § 12-309 only requires the claimant to send notice to the District within six months of the injury, observing that "one of the purposes of the statue is to afford 'the opportunity for appropriate government officials to ascertain the facts, and, if appropriate, to adjudicate the claim.'"  *DeKine*, 422 A.2d at 985, quoting *Jenkins v. District of Columbia*, 379 A.2d 1177, 1178 (D.C. 1977).  The Court further noted:

> Because this purpose can be achieved only by the District's timely receipt of notice, and the method of delivering written notice under § 12-309 is entirely within the claimant's discretion, we perceive no unfairness in placing the consequences of less-than-rapid postal service upon the claimant, rather than upon the District.  Accordingly, we hold that § 12-309 requires that the District *receive* written notice within six months of the injury giving rise to the claim.

*Id.* (citations omitted; emphasis added).  Thus, because the District did not receive the correspondence within the six month statutory time period allotted by § 12-309, and there is no exception for "substantial compliance" with the statutory mandate, any common law claims Plaintiff Davis and Plaintiff Dotson seek to assert against the District must be dismissed.  *See Chidel v. Hubbard,* 840 A.2d 689, 695 (D.C. 2004) ("'substantial compliance' argument goes against established law in the District of Columbia.").

IV.  **CONCLUSION**

For the reasons set forth above, the District of Columbia respectfully requests that this Court dismiss Plaintiffs' common law claims – Counts II, III, IV, V, VI, VII – against it.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        __/s/  Nicole L. Lynch_____
        NICOLE L. LYNCH (471953)
        Chief, Section II


        _/s/  Shana L. Frost_____
        SHANA L. FROST (458021)
        Assistant Attorney General
        441 4th Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6534
        Fax:  (202) 727-3625
        shana.frost@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RUFUS DAVIS**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-2262 (RWR) |
| v. | ) ) ) | |
| **KEITH BLAKELY**, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**ORDER**

Before the Court is the Partial Motion to Dismiss filed by the District of Columbia. Upon consideration of the District of Columbia's Motion, and any response or reply filed thereto, it is this ____ day of _____, 2008:

**ORDERED** that the District of Columbia's Partial Motion to Dismiss be and hereby is **granted**; and it is

**FURTHER ORDERED** that Counts II, III, IV, V, VI, VII of Plaintiffs' Complaint be and hereby are **dismissed with prejudice** as to Defendant District of Columbia.

_____
Hon. Richard W. Roberts
United States District Judge

RECEIVED
MAR 19 2007
OFFICE OF RISK MANAGEMENT

500143

LAW OFFICE OF
**IAN A. WILLIAMS**
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 842-2700
(202) 842-8469 (fax)
ianwilliams@erols.com

Civil Litigation

Criminal Trial Practice

March 16, 2007

Honorable Adrian Fenty
Mayor of the District
of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20036

Re: <u>Rufus Davis v. District of Columbia, et. al.</u>
Date of Claim: September 18, 2006

Dear Mayor Fenty:

   In accordance with District of Columbia Code Section 12-309, I hereby inform you and your office that this office represents Rufus Davis and will pursue a civil action against the District of Columbia and various as yet unidentified John Doe metropolitan police department officers individually, based on, <u>inter alia</u>, life-threatening, life altering injuries and liberty deprivation that Mr. Davis suffered beginning on September 18, 2006 at approximately 2:00 p.m. and continuing to the present and perhaps permanently because the referenced John Doe MPD officers shot and almost killed Mr. Davis without justification at or near 4273 Brooks Street, N.E., Washington, D.C. at that time. The purpose of this notice is to 1) formally notify you about the horrific events that give rise to this claim, 2) provide formal notice of Mr. Davis' intent to pursue a civil action, 3) specify the legal causes of action that entitle him to a substantial recovery from the District of Columbia and the various officers, individually and 4) identify myself as Mr. Davis' attorney.

   On the date and just before the time and at the place identified above, MPD officers responded to 3331 Ames Street, N.E. to investigate an alleged domestic disturbance involving Mr. Davis and his estranged former girlfriend Shawn Smith. The officers later encountered Mr. Davis as he parked his vehicle outside the Brooks Street location and exited his vehicle. The officers thereupon ran upon Mr. Davis and shot him several times. The officers subsequently assaulted Mr. Davis. The shooting has rendered Mr. Davis paralyzed on his lower right side. Let us hope this condition is not permanent.

   The officers falsely reported that Mr. Davis had pointed a gun at them and that they shot him for that reason. This was a patent falsehood designed to explain the shooting as justified. This falsehood resulted in an arrest warrant's issuance that in turn led to Mr. Davis' arrest and caused him to be charged in D.C. Superior Court with assault with a dangerous weapon.

   Mr. Davis remained in a secured location of the Prince George's County hospital's secured wing for an extended period because of the severity of his injuries. Mr. Davis returned to the District of Columbia Department of Corrections (DOC) and Superior Court via the extradition

process and spent several days in the Prince George's County Detention Center prior to his return. DOC has provided absolutely no rehabilitation or other medical assistance to address Mr. Davis' acute needs since his return and his condition is worsening.

Mr. Davis remains incarcerated pending trial even though his case should have been tried no longer than 100 days beyond his arrest pursuant to D.C. Code Section 23-1322(h)(1). Mr. Davis' trial should have begun no later than December 13, 2006.[1] Mr. Davis' injuries, however, compromised that speedy trial right. In other words, the shooting and fabricated justification have 1) caused Mr. Davis to suffer grievous bodily harm, 2) led to Mr. Davis' false arrest and imprisonment and 3) compromised Mr. Davis' statutory and constitutional speedy trial protections as he has been detained pre-trial well beyond 100 days based on the officers' fabrication of charges.

The officers' actions were absolutely egregious and appalling and clearly violated Mr. Davis' constitutional, statutory and common-law rights.. Moreover, Mr. Davis suffers an obvious disability in that both his arms are approximately one foot shorter than normal, his right hand has only two fingers and the fingers on his left hand are mere stubs barely one inch long. Consequently, the officers had no reason to believe that Mr. Davis presented a danger, let alone a danger that justified the repellant use of deadly force.

The officers' inexcusable use of deadly force entitles Mr. Davis to recover substantial damages from them for assault, battery, assault with a deadly weapon, excessive force, false arrest, false imprisonment, excessive force, gross misconduct, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of his civil rights. Because the officers acted within the scope of their employment at all relevant times, Mr. Davis is entitled to compensatory damages and damages for pain, suffering, mental and emotional anguish from the officers personally and the District of Columbia in accordance with the various grounds for common law liability identified above and pursuant to 42 U.S.C. 1983, et seq. Mr. Davis is also entitled to and will seek extensive punitive damages against the individual officers because their actions were willful, wanton and/or calculated to severely harm him. Indeed, the officers succeeded in harming Mr. Davis grievously. Mr. Davis will also sue the District of Columbia based upon DOC's failure to provide the necessary medical treatment and rehabilitation essential to staving off or at least mitigating permanent paralysis. Finally, Mr. Davis will seek attorneys' fees and court costs against the various individual officers and the District of Columbia, pursuant to 42 U.S.C. 1983, et seq. for the civil rights violations described herein.

Moreover, the District of Columbia owed Mr. Davis a duty to hire, train and supervise its officers and breached that duty, thus causing Mr. Davis to suffer the horrific injuries described herein. These injuries were reasonably foreseeable. Therefore, the District of Columbia directly liable to Mr. Davis on that basis and accordingly must compensate him substantially.

If you desire additional information, including documentation, please contact my office. In the meantime, I look forward to your prompt acknowledgement of this notice and assisting your

---

[1] Although December 27, 2006 marked the one-hundredth day, the Superior Court did not begin any jury trials after December 13, 2006.

investigation of the matter. Otherwise, I stand more than ready to file suit in the very near future if a satisfactory response and investigation is not forthcoming.

Very truly yours,

Ian A. Williams

500145

RECEIVED
MAR 1 9 2007
OFFICE OF RISK MANAGEMENT

Civil Litigation

LAW OFFICE OF
**IAN A. WILLIAMS**
717 D Street, N.W.
Suite 400
Washington, D.C. 20004
(202) 842-2700
(202) 842-8469 (fax)
ianwilliams@erols.com

Criminal Trial Practice

March 16, 2007

Honorable Adrian Fenty
Mayor of the District
of Columbia
1350 Pennsylvania Avenue, N.W.
Washington, D.C. 20036

DMPSJ 010116

Re: <u>Dotson v. District of Columbia, et. al.</u>
Date of Claim: September 18, 2006

Dear Mayor Fenty:

In accordance with District of Columbia Code Section 12-309, I hereby inform you and your office that this office represents Michael Dotson and shall pursue a civil action against the District of Columbia and various as yet unidentified metropolitan police department officers individually, based on the life-threatening fear to which the officers subjected Mr. Dotson on September 18, 2006 at approximately 2:00 p.m. when they pointed service revolvers at Mr. Dotson from extremely close range just before shooting and almost killed Mr. Dotson's step-son Rufus Davis without justification. The incident occurred at or near 4273 Brooks Street, N.E., Washington, D.C. The purpose of this notice is to 1) formally notify you about the horrific events that give rise to this claim, 2) provide formal notice that Mr. Dotson intends to pursue a civil action, 3) specify the legal causes of action that entitle him to a substantial recovery against the District of Columbia and the various officers, individually and 4) identify myself as Mr. Dotson's attorney.

Shortly before the shooting, MPD officers responded to 3331 Ames Street, N.E. to investigate an alleged domestic disturbance involving Mr. Davis and his estranged former girlfriend Shawn Smith. The officers later encountered Mr. Davis as he parked his vehicle outside the Brooks Street location. After Mr. Davis exited his vehicle the officers thereupon ran upon Mr. Davis and shot him several times. The officers pointed their weapons in Mr. Dotson's direction before shooting Mr. Davis. Mr. Dotson was practically holding Mr. Davis when the shooting occurred and justifiably feared that the police would kill him as a result of less than perfect marksmanship.

The officers' actions were absolutely egregious and appalling and clearly violated Mr. Dotson's rights. While it is extremely fortunate, if not miraculous, that Mr. Dotson was not shot, Mr. Dotson suffered extreme emotional harm as a result of being so close to an unnecessary and unjustified shooting. A slight miss would have killed him.

Mr. Dotson feels extremely anxious and fearful regarding the incident and in general. Mr. Dotson feels jumpy when he hears a sudden, loud noise and needs several minutes in order to calm down after hearing such a noise. These palpable injuries have seriously affected Mr. Dotson's life

because, for instance, he feels anxious about attending sporting events and other crowded public activities and functions. Mr. Dotson also has nightmares about the incident.

The officers' inexcusable actions entitle Mr. Dotson to recover substantial damages from them for assault, assault with a deadly weapon, gross misconduct, intentional infliction of emotional distress, negligent infliction of emotional distress and violation of his civil rights. Because the officers acted within the scope of their employment at all relevant times, Mr. Dotson is entitled to compensatory damages and damages for pain, suffering, mental and emotional anguish from the officers personally and the District of Columbia in accordance with the various grounds for common law liability identified above and pursuant to 42 U.S.C. 1983, et seq. Mr. Dotson is also entitled to and will seek extensive punitive damages against the individual officers because their actions were willful, wanton and calculated to severely harm him. Finally, Mr. Dotson will seek attorneys' fees and court costs against the various individual officers and the District of Columbia, pursuant to 42 U.S.C. 1983, et seq. for the civil rights violations described herein.

Moreover, the District of Columbia owed Mr. Dotson a duty to hire, train and supervise its officers and breached that duty as set forth herein, thus causing him to suffer the tremendous fear and ensuing emotional injuries. If the District of Columbia had complied with its various duties, Mr. Dotson would never have suffered the incident and the injuries described herein. Because the District of Columbia breached those duties, the District of Columbia is directly liable to Mr. Daotson and obligated to compensate him substantially for its breaches.

If you desire additional information, including documentation, please contact my office. In the meantime, I look forward to your prompt acknowledgement of this notice and assisting with any investigation of the matter. Otherwise, I stand more than ready to file suit if a satisfactory investigation and response is not forthcoming.

Very truly yours,

Ian A. Williams