UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RUFUS DAVIS**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 07-2262 (RWR) |
| v. | ) ) ) | |
| **KEITH BLAKELY**, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S AMENDED
ANSWER TO THE COMPLAINT**

COMES NOW Defendant District of Columbia (the "District"),[1] by and through undersigned counsel, and hereby answers Plaintiffs' Complaint as follows:

**First Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

As to each of the numbered paragraphs of the Complaint, the District specifically answers as follows:

1.     The District admits that Paragraph 1 of the Complaint contains a jurisdictional provision, but denies that it necessarily confers jurisdiction over this Defendant.

2.     The District is without sufficient information to form a belief as to the truth or falsity of the allegations contained within Paragraph 2 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 2.

---

[1] At the time of the filing of the District's Amended Answer, it appears that no individual defendant has been served.

3. The District admits the allegations contained in Paragraph 3 of the Complaint.

4. The District is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 4.

5. The District admits that it is a municipal corporation and that it employed the named individual defendants. The District is without sufficient information to form a belief as to whether it employed the "various John Doe defendants as police officers." On that basis, the District denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. The District admits that members of the Metropolitan Police Department engaged in a vehicular pursuit of Plaintiff Davis, and denies the remaining allegations in Paragraph 6 as written.

7. The District denies the allegations contained in Paragraph 7 of the Complaint.

8. The District admits that Plaintiff Davis was taken into custody and charged with assault on a police officer. The District is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint. On that basis, the District denies the remaining allegations contained in Paragraph 8.

9. The District is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 9.

10. The District denies the allegations contained in Paragraph 10 of the Complaint.

11. The District admits that Plaintiff Dotson was in the vicinity of the incident, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

### Count I:  Violation of 42 U.S.C. § 1983 *et seq.* (Mr. Davis)

12. The District restates and incorporates by reference its responses to Paragraphs 1 through 12 as if fully set forth herein.

13. Paragraph 13 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

14. Paragraph 14 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

16. The District admits that the individually named officers were acting within their authority as officers of the Metropolitan Police Department, but denies that any such action violated any constitutional right afforded Plaintiffs.

17. The District denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

19. The District denies the allegations contained in Paragraph 19 of the Complaint.

20. The District is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint. On that basis, the District denies the allegations contained in Paragraph 20.

### Count II: Assault (Messrs. Davis and Dotson)

21. The District restates and incorporates by reference its responses to Paragraphs 1-21, above, as if fully set forth herein.

22. The District denies the allegations contained within Paragraph 22 of the Complaint.

23. The District denies the allegations contained within Paragraph 23 of the Complaint.

24. The District denies the allegations contained in Paragraph 24 of the Complaint.

25. The District denies the allegations contained in Paragraph 25 of the Complaint.

26. The District denies the allegations contained in Paragraph 26 of the Complaint.

27. The District admits that the officers were acting within the scope of their employment. The remaining allegations contained in Paragraph 27 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### Count III: Battery (Mr. Davis)

28. The District restates and incorporates by reference its responses to Paragraphs 1-27, above, as if fully set forth herein.

29. The District denies the allegations contained in Paragraph 29 of the Complaint.

30. The District denies the allegations contained in Paragraph 30 of the Complaint.

31. The District denies the allegations contained in Paragraph 31 of the Complaint.

32. The District denies the allegations contained in Paragraph 32 of the Complaint.

33. The District denies the allegations contained in Paragraph 33 of the Complaint.

34. The District admits that the officers were acting within the scope of their employment. The remaining allegations contained in Paragraph 34 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

**Count IV:  Intentional Infliction of Emotional Distress (Messrs. Davis and Dotson)**

35. The District restates and incorporates by reference its responses to Paragraphs 1-34, above, as if fully set forth herein.

36. The District denies the allegations contained in Paragraph 36 of the Complaint.

37. The District denies the allegations contained in Paragraph 37 of the Complaint.

38. The District denies the allegations contained in Paragraph 38 of the Complaint.

39. The District admits that the officers were acting within the scope of their employment. The remaining allegations contained in Paragraph 39 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### Count V: False Arrest/False Imprisonment (Mr. Davis)

40. The District restates and incorporates by reference its responses to Paragraphs 1-39, above, as if fully set forth herein.

41. The District admits that the police officers arrested Mr. Davis, but denies that the arrest was without probable cause and/or reasonable suspicion.

42. The District denies the allegations contained in Paragraph 42 of the Complaint.

43. The District denies the allegations contained in Paragraph 43 of the Complaint.

44. The District denies the allegations contained in Paragraph 44 of the Complaint.

45. The District admits that the officers were acting within the scope of their employment. The remaining allegations contained in Paragraph 45 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

### Count VI: Negligence (Messrs. Davis and Dotson)

46. The District restates and incorporates by reference its responses to Paragraphs 1-45, above, as if fully set forth herein.

47. The District admits the allegations contained in Paragraph 47 of the Complaint.

48. The District denies the allegations contained in Paragraph 48 of the Complaint.

49. The District denies the allegations contained in Paragraph 49 of the Complaint.

50. The District admits that the officers were acting within the scope of their employment. The remaining allegations contained in Paragraph 50 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

51. The District denies the allegations contained in Paragraph 51 of the Complaint.

### Count VII: Negligent Training and Supervision (Both Plaintiffs Against Only District of Columbia)

52. The District restates and incorporates by reference its responses to Paragraphs 1-51, above, as if fully set forth herein.

53. Paragraph 53 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

54. The District denies the allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, the District denies the same.

56. The District denies the allegations contained in Paragraph 56 of the Complaint.

**Count VIII: Violation of 42 U.S.C. § 1983 *et seq.* (Mr. Dotson)**

57.     The District restates and incorporates by reference its responses to Paragraphs 1-56, above, as if fully set forth herein.

58.     Paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

59.     Paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

60.     Paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

61.     The District admits that the individually named officers were acting within their authority as officers of the Metropolitan Police Department, but denies that any such action violated any constitutional right afforded Plaintiffs.

62.     The District denies the allegations contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, the District denies the same.

64.     The District denies the allegations contained in Paragraph 63 of the Complaint.

65.     The District is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.  On that basis, the District denies the allegations contained in Paragraph 65.

The District of Columbia denies any allegation in the Complaint not specifically admitted above.

**Third Defense**

The District of Columbia denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

**Fourth Defense**

The District of Columbia, its agents, servants, and employees acting within the course and scope of their employment, have performed their obligations, if any, towards Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

**Fifth Defense**

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

**Sixth Defense**

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than the District of Columbia, its agents, employees, and/or servants acting within the scope of their employment.

**Seventh Defense**

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of their own sole or contributory negligence and/or their assumption of the risk.

**Eighth Defense**

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than the District of Columbia, its employees, agents and servants acting within the scope of their employment.

**Ninth Defense**

If Plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring negligence with a person or persons other than the District of Columbia, its agents, employees or servants acting within the scope of employment.

**Tenth Defense**

At all times relevant herein, the District of Columbia, its employees, agents and servants, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

**Eleventh Defense**

The District of Columbia asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

**Twelfth Defense**

Acts or omissions of the District of Columbia, its employees, agents, or servants acting within the course and scope of their employment, were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

### Thirteenth Defense

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

### Fourteenth Defense

Plaintiffs have failed to mitigate their damages.

### Fifteenth Defense

Plaintiffs' claims are barred by collateral estoppel and res judicata.

### Sixteenth Defense

Plaintiffs may have failed to comply with the statute of limitations.

### Seventeenth Defense

Plaintiffs are not entitled to punitive damages.

The District of Columbia reserves the right to amend its Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

### Set-off

The District of Columbia asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiffs, including medical care.

### Jury Demand

The District of Columbia hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Defendant District of Columbia prays that the same be dismissed, and that it recovers its costs of suit expended herein.

    Respectfully submitted,

    PETER J. NICLES
    Interim Attorney General

for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


\_\_/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


  /s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov