UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RUFUS DAVIS**, *et al.*,  )<br>  )<br>     Plaintiffs,  )<br>  )<br>     v.  )<br>  )<br>**KEITH BLAKELY**, *et al.*,  )<br>  )<br>     Defendants.  )<br>_____) | C.A. No. 07-2262 (RWR) |

**DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND TIME FOR SERVICE UPON INDIVIDUAL DEFENDANTS**

Plaintiffs filed the above-captioned matter in the Superior Court of the District of Columbia on September 14, 2007. On December 17, 2007, the District of Columbia removed the matter to this Court. At the time of the removal – 93 days after the filing of the Complaint – Plaintiffs had not served the individual defendants. To this day, 166 days after filing their Complaint in Superior Court, Plaintiffs have still not served the individual defendants.

Because Plaintiffs' Complaint was originally filed in Superior Court on September 14, 2007, pursuant to Fed. R. Civ. P. 4(m), Plaintiffs were to have served the individual defendants no later than January 12, 2008. Indeed, under the Civil Procedure Rules of the Superior Court of the District of Columbia, Plaintiffs are afforded sixty (60) days to effectuate service of process and file proof thereof. SCR-Civil 4(m). Thus, when this action was pending in the Superior Court, Plaintiffs had until November 14, 2007 to serve the individual defendants and had not done so. While Plaintiffs did file a motion for additional time to serve the individual defendants, this motion was not filed until

November 19, 2007, after the deadline for service in the Superior Court had passed. Rule 4(m) permits a plaintiff to request additional time to serve the process, but such a request must be made "*[p]rior* to the expiration of the [60-day] time period." SCR-Civil 4(m) (emphasis added).

> Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:
>
> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Generally, the burden of establishing proper service rests on the party on whose behalf service is made. *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987); *Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).

"If the plaintiff fails to effect proper service within the 120-day limit enumerated in the Rule 4(m), or within the time period designated by the Court, the plaintiff carries the burden of showing good cause for the failure." *United States ex rel. Cody v. Computer Sciences Corp.*, 246 F.R.D. 22, 26 (D.D.C. 2007) (Walton, J.). "[U]nless the procedural requirements for properly effecting service of process are satisfied, a court lacks authority to exercise personal jurisdiction over the defendant." *Id.*, citing *Gorman v. Ameritrade Holding Corp.,* 293 F.3d 506, 514 (D.C. Cir. 2002).

Plaintiffs have now filed a motion seeking additional time to serve the individual defendants after the deadline for doing so has passed. Plaintiffs explanation for their failure falls into two general categories: mistake of counsel and lack of funds. Neither of these arguments satisfies the good cause standard that Plaintiffs must meet.

With respect to the first argument, this Court has held that and "[m]istakes of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause." *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (Roberts, J.). With respect to the second argument, Plaintiffs have offered no evidence for their conclusory statement that "the cost of serving police officers is usually substantial." Mot. ¶ 6. Moreover, Plaintiffs have not demonstrated how the fact that one Plaintiff was incarcerated until December, 2007 had any bearing on the ability to serve process, particularly as Plaintiffs have submitted no evidence on the financial status of either Plaintiff, nor does it appear that they have attempted to proceed *in forma pauperis.*

In short, Plaintiffs have not demonstrated good cause to justify an additional 60 days for serving the individual defendants in light of the fact that more than 166 days have passed since their case was filed with apparently no attempts made to serve the individuals. Thus, the District respectfully requests that the Court deny Plaintiffs' Motion.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

 /s/ Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

 /s/ Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001

(202) 724-6534
Fax: (202) 727-3625
shana.frost@dc.gov