## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————————
                                          )
**RUFUS DAVIS**, *et al.*,                )
                                          )
              **Plaintiffs,**             )        **C.A. No. 07-2262 (RWR)**
                                          )
       **v.**                             )
                                          )
**KEITH BLAKELY**, *et al.*,              )
                                          )
              **Defendants.**             )
———————————————————————)

### DEFENDANT LARRY MURCHISON'S ANSWER TO THE COMPLAINT

COMES NOW Defendant Sergeant Larry Murchison, by and through undersigned counsel, and hereby answers Plaintiffs' Complaint as follows:

### <u>First Defense</u>

The Complaint fails to state a claim upon which relief can be granted.

### <u>Second Defense</u>

As to each of the numbered paragraphs of the Complaint, Sergeant Murchison specifically answers as follows:

1.      Sergeant Murchison admits that Paragraph 1 of the Complaint contains a jurisdictional provision, but denies that it necessarily confers jurisdiction over him.

2.      Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the allegations contained within Paragraph 2 of the Complaint.  On that basis, Sergeant Murchison denies the allegations contained in Paragraph 2.

3.      Sergeant Murchison admits the allegations contained in Paragraph 3 of the Complaint as they pertain to him.  Sergeant Murchison is without sufficient information

with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.

4.      Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.  On that basis, Sergeant Murchison denies the allegations contained in Paragraph 4.

5.      Sergeant Murchison admits that he is employed by the District of Columbia, and that the District of Columbia is a municipal corporation.  Sergeant Murchison is without sufficient information to form a belief as to whether the District of Columbia employed the "various John Doe defendants as police officers."  On that basis, Sergeant Murchison denies the remaining allegations contained in Paragraph 5 of the Complaint.

6.      Sergeant Murchison admits that he engaged in a vehicular pursuit of Plaintiff Davis.  Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.  Sergeant Murchison denies the remaining allegations in Paragraph 6 as written.

7.      Sergeant Murchison denies the allegations contained in Paragraph 7 of the Complaint.

8.      Sergeant Murchison admits that Plaintiff Davis was taken into custody and charged with assault on a police officer.  Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint.  On that basis, Sergeant Murchison denies the remaining allegations contained in Paragraph 8.

9.      Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.  On that basis, Sergeant Murchison denies the allegations contained in Paragraph 9.

10.      Sergeant Murchison denies the allegations contained in Paragraph 10 of the Complaint.

11.      Sergeant Murchison admits that Plaintiff Dotson was in the vicinity of the incident, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

## Count I:  Violation of 42 U.S.C. § 1983 *et seq.* (Mr. Davis)

12.      Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1 through 11, above, as if fully set forth herein.

13.      Paragraph 13 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

14.      Paragraph 14 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

15.      Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

16.      Sergeant Murchison admits that he was acting within his authority as an officer of the Metropolitan Police Department, but denies that any such action violated any constitutional right afforded Plaintiffs.  Sergeant Murchison is without sufficient

information to form a response as to any allegations pertaining to any other officer, and thus denies the remainder of Paragraph 16.

17.    Sergeant Murchison denies the allegations contained in Paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

19.    Sergeant Murchison denies the allegations contained in Paragraph 19 of the Complaint.

20.    Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.  On that basis, Sergeant Murchison denies the allegations contained in Paragraph 20.

## Count II:  Assault (Messrs. Davis and Dotson)

21.    Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-20, above, as if fully set forth herein.

22.    Sergeant Murchison denies the allegations contained within Paragraph 22 of the Complaint.

23.    Sergeant Murchison denies the allegations contained within Paragraph 23 of the Complaint.

24.    Sergeant Murchison denies the allegations contained in Paragraph 24 of the Complaint.

25.    Sergeant Murchison denies the allegations contained in Paragraph 25 of the Complaint.

26.     Sergeant Murchison denies the allegations contained in Paragraph 26 of the Complaint.

27.     Sergeant Murchison admits that he was acting within the scope of his employment.  Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.  The remaining allegations contained in Paragraph 27 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

### Count III:  Battery (Mr. Davis)

28.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-27, above, as if fully set forth herein.

29.     Sergeant Murchison denies the allegations contained in Paragraph 29 of the Complaint.

30.     Sergeant Murchison denies the allegations contained in Paragraph 30 of the Complaint.

31.     Sergeant Murchison denies the allegations contained in Paragraph 31 of the Complaint.

32.     Sergeant Murchison denies the allegations contained in Paragraph 32 of the Complaint.

33.     Sergeant Murchison denies the allegations contained in Paragraph 33 of the Complaint.

34.     Sergeant Murchison admits that he was acting within the scope of his employment.  Sergeant Murchison is without sufficient information with which to admit

or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers. The remaining allegations contained in Paragraph 34 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sergeant Murchison denies the same.

### Count IV:  Intentional Infliction of Emotional Distress (Messrs. Davis and Dotson)

35.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-34, above, as if fully set forth herein.

36.     Sergeant Murchison denies the allegations contained in Paragraph 36 of the Complaint.

37.     Sergeant Murchison denies the allegations contained in Paragraph 37 of the Complaint.

38.     Sergeant Murchison denies the allegations contained in Paragraph 38 of the Complaint.

39.     Sergeant Murchison admits that he was acting within the scope of his employment. Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers. The remaining allegations contained in Paragraph 39 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Sergeant Murchison denies the same.

### Count V:  False Arrest/False Imprisonment (Mr. Davis)

40.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-39, above, as if fully set forth herein.

41.     Sergeant Murchison admits that police officers arrested Mr. Davis, but denies that the arrest was without probable cause and/or reasonable suspicion.

42.     Sergeant Murchison denies the allegations contained in Paragraph 42 of the Complaint.

43.     Sergeant Murchison denies the allegations contained in Paragraph 43 of the Complaint.

44.     Sergeant Murchison denies the allegations contained in Paragraph 44 of the Complaint.

45.     Sergeant Murchison admits that he was acting within the scope of his employment.  Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.  The remaining allegations contained in Paragraph 45 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

### Count VI:  Negligence (Messrs. Davis and Dotson)

46.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-45, above, as if fully set forth herein.

47.     Sergeant Murchison admits the allegations contained in Paragraph 47 of the Complaint.

48.     Sergeant Murchison denies the allegations contained in Paragraph 48 of the Complaint.

49.     Sergeant Murchison denies the allegations contained in Paragraph 49 of the Complaint.

50.     Sergeant Murchison admits that he was acting within the scope of his employment.  Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.  The remaining allegations contained in Paragraph 50 of the Complaint are conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

51.     Sergeant Murchison denies the allegations contained in Paragraph 51 of the Complaint.

### Count VII: Negligent Training and Supervision (Both Plaintiffs Against Only District of Columbia)

52.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-51, above, as if fully set forth herein.

53.     Sergeant Murchison need not respond to the allegations contained within this Paragraph as this Count does not pertain to him.  To the extent a response is required, Sergeant Murchison denies the same.

54.     Sergeant Murchison need not respond to the allegations contained within this Paragraph as this Count does not pertain to him.  To the extent a response is required, Sergeant Murchison denies the same.

55.     Sergeant Murchison need not respond to the allegations contained within this Paragraph as this Count does not pertain to him.  To the extent a response is required, Sergeant Murchison denies the same.

56.     Sergeant Murchison need not respond to the allegations contained within this Paragraph as this Count does not pertain to him.  To the extent a response is required, Sergeant Murchison denies the same.

**Count VIII: Violation of 42 U.S.C. § 1983 *et seq.* (Mr. Dotson)**

57.     Sergeant Murchison restates and incorporates by reference his responses to Paragraphs 1-56, above, as if fully set forth herein.

58.     Paragraph 58 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

59.     Paragraph 59 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

60.     Paragraph 60 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

61.     Sergeant Murchison admits that he was acting within his authority as an officer of the Metropolitan Police Department, but denies that any action violated any constitutional right afforded Plaintiffs.  Sergeant Murchison is without sufficient information with which to admit or deny the allegations pertaining to other known and unknown officers, and thus denies the allegations pertaining to the other officers.

62.     Sergeant Murchison denies the allegations contained in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is required, Sergeant Murchison denies the same.

64.     Sergeant Murchison denies the allegations contained in Paragraph 63 of the Complaint.

65.     Sergeant Murchison is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 65 of the Complaint.  On that basis, Sergeant Murchison denies the allegations contained in Paragraph 65.

Sergeant Murchison denies any allegation in the Complaint not specifically admitted above.

## Third Defense

Sergeant Murchison denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

## Fourth Defense

Sergeant Murchison has performed his obligations, if any, towards Plaintiffs in accordance with all applicable statutory, regulatory, constitutional, and common law requirements.

## Fifth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries were the result of their own intentional, illegal and/or otherwise wrongful conduct.

## Sixth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of the criminal acts of a person or persons other than Sergeant Murchison.

### Seventh Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of their own sole or contributory negligence and/or their assumption of the risk.

### Eighth Defense

If Plaintiffs were injured and/or damaged as alleged in the Complaint, such injuries and damages were the result of a person or persons other than Sergeant Murchison.

### Ninth Defense

If Plaintiffs were injured or otherwise damaged as alleged in the Complaint, such injuries and/or damages were the result of the Plaintiffs' sole, joint, or concurring negligence with a person or persons other than Sergeant Murchison.

### Tenth Defense

At all times relevant herein, Sergeant Murchison has acted in good faith and with the reasonable belief that his actions were lawful under the circumstances.

### Eleventh Defense

Sergeant Murchison asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence and reckless indifference.

### Twelfth Defense

Acts or omissions of Sergeant Murchison were discretionary and/or cannot create liability pursuant to the doctrine of absolute and/or qualified immunity.

**Thirteenth Defense**

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D.C. Code Section 12-309 (1981).

**Fourteenth Defense**

Plaintiffs have failed to mitigate their damages.

**Fifteenth Defense**

Plaintiffs' claims are barred by collateral estoppel and res judicata.

**Sixteenth Defense**

Plaintiffs may have failed to comply with the statute of limitations.

**Seventeenth Defense**

Plaintiffs are not entitled to punitive damages.

Sergeant Murchison reserves the right to amend his Answer to the Complaint and to raise any additional defenses, which the evidence in discovery may reveal.

**Jury Demand**

Sergeant Murchison hereby demands a trial by jury.

WHEREFORE, having fully answered the complaint filed herein, Sergeant Murchison prays that the same be dismissed, and that he recovers his costs of suit expended herein.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/  Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II


_/s/  Shana L. Frost_____
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov