# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

———————————————————
                                                )
**RUFUS DAVIS**, *et al.*,                       )
                                                )
                    **Plaintiffs,**              )        **C.A. No. 07-2262 (RWR)**
                                                )
**v.**                                           )
                                                )
**KEITH BLAKELY**, *et al.*,                     )
                                                )
                    **Defendants.**              )
———————————————————)

## RULE 16.3 REPORT

    Pursuant to Fed. R. Civ. P. 16 and LCvR 16.3, the Plaintiffs and Defendants, by and

through undersigned counsel submit the following report:

**A.    STATEMENT OF CLAIMS:**

    This case arises out of a shooting incident whereby Sergeants Keith Blakely and Larry

Murchison discharged their firearms at Plaintiff Rufus Davis and in the vicinity of Plaintiff

Michael Dotson.  Plaintiffs have sued the District of Columbia, as well as Sergeants Blakely and

Murchison.[1]  Each Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for violation of their

Fourth Amendment rights by the individual officers as well as the District of Columbia by means

of an alleged deliberate indifference to the need to properly train and supervise the officers.

Compl. (Counts I and VIII).  Both Plaintiffs also bring common law claims against all

Defendants of assault (Count II), intentional infliction of emotional distress (Count IV), and

negligence (Count VI).  Plaintiff Davis brings claims of battery (Count III) and false arrest and

imprisonment (Count V) against all Defendants, and both Plaintiffs bring a common law claim of

negligent hiring, training and supervision against the District of Columbia.  Compl. (Count VII).

**B.**    <u>**STATEMENT OF DEFENSES:**</u>

Defendants contend that the force used by the officers was reasonable and necessary under the circumstances.  Defendants further contend that the evidence will not support Plaintiffs' common law and constitutional claims, or that the District was negligent in training or supervising its police officers.  Defendants also contend that the individual officers are entitled to qualified immunity.

**C.**    <u>**AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**</u>

1.    Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Defendants believe that the case is likely to be disposed of by dispositive motion and intends to file a motion for summary judgment at the appropriate time.

2.    The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.

The parties agree that any other parties should be joined and/or the pleadings amended within 30 days after the Scheduling Conference unless the propriety of joinder or amendment is learned through the discovery process.

3.    Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate judge for all purposes.  However, the parties agree that a magistrate judge could be assigned to mediate this case.

4.    Whether there is a realistic possibility of settling the case.

It does not appear at this time that settlement is a realistic possibility.

---

[1] Plaintiffs had also named Detective Ali-Baba Roberts, but have since voluntarily dismissed Detective Roberts.

5.      Whether the case could benefit from the Court's alternative dispute resolution
        (ADR) procedures (or some other form of ADR); what related steps should be
        taken to facilitate such ADR; and whether counsel have discussed ADR and their
        response to this provision with their clients.

The parties agree that although settlement does not appear to be a realistic possibility at

this time, they may benefit from mediation with a magistrate judge or through the Court's private

mediation program at a later date.  Mediation, if the case is not resolved by a dispositive motion,

should be set for 30 days after the Court rules upon any summary judgment motion.

6.      Whether the case can be resolved by summary judgment or motion to dismiss;
        dates for filing dispositive motions and/or cross-motions, oppositions, and replies;
        and proposed dates for a decision on the motions.

Defendants believe that this case can be resolved in whole or in part by summary

judgment.  The deadlines for such motion should be as follows:

      a.     Dispositive Motion:           30 days after the close of expert discovery

      b.     Oppositions:                  18 days after filing of dispositive motion

      c.     Replies:                      11 days after filing of opposition

7.      Whether the parties should stipulate to dispense with the initial disclosures
        required by Fed. R. Civ. P. 26(a)(1) and if not, what if any changes should be
        made in the scope, form or timing of those disclosures.

The parties agree to dispense with the formal initial disclosures required by Fed. R. Civ.

26(a)(1).

8.      The anticipated extent of discovery, how long discovery should take, what limits
        should be placed on discovery; whether a protective order is appropriate; and a
        date for the completion of discovery, including answers to interrogatories,
        document production, requests for admissions, and depositions.

The parties agree to the following discovery plan:

      a.     Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the Scheduling Conference.

      b.      The number of interrogatories that may be propounded on any party is limited to 25.

      c.      The number of depositions to be limited to 8 per side.

      d.      The duration of each deposition to be limited pursuant to LCvR 26.2(c).

9.      Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

      a.      Plaintiff's Expert Report:      30 days after the close of fact discovery

      b.      Defendants' Expert Report:      60 days after the close of fact discovery

      c.      Close of Expert Discovery:      90 days after the close of fact discovery

10.      In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

Not applicable.

11.      Whether the trial and/or discovery should be bifurcated or managed in phases and a specific proposal for such bifurcation.

The parties agree that bifurcation of the trial and/or discovery is not necessary at this time.  However, Defendants reserve the right to move to bifurcate the trial and/or discovery if the need should arise.

12.      The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter.)

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

13.      Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after the pretrial conference.

The parties agree that the trial date should be set at the pretrial conference from 30 to 60

days after that conference.

14.    Such other matters that the parties believe may be appropriate for inclusion in a
scheduling order.

None.

Respectfully submitted,

PETER J. NICKLES                          /s/ Ian A. Williams by SF
Interim Attorney General                  IAN A. WILLIAMS [417772]
for the District of Columbia              717 D Street, NW
                                          Suite 400
GEORGE C. VALENTINE                       Washington, DC 20004
Deputy Attorney General                   (202) 842-2700
Civil Litigation Division

                                          Counsel for Plaintiffs

 /s/  Nicole L. Lynch
NICOLE L. LYNCH (471953)
Chief, Section II

   /s/  Shana L. Frost
SHANA L. FROST (458021)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6534
Fax:  (202) 727-3625
shana.frost@dc.gov

Counsel for Defendants

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|                                          |     |                              |
|------------------------------------------|-----|------------------------------|
| **RUFUS DAVIS**, *et al.*,               | )   |                              |
|                                          | )   |                              |
| **Plaintiffs,**                          | )   | **C.A. No. 07-2262 (RWR)**   |
|                                          | )   |                              |
| **v.**                                   | )   |                              |
|                                          | )   |                              |
| **KEITH BLAKELY**, *et al.*,             | )   |                              |
|                                          | )   |                              |
| **Defendants.**                          | )   |                              |

_____)

**PROPOSED SCHEDULING ORDER**

UPON CONSIDERATION of the LCvR 16.3 Report submitted by Plaintiffs and

the Defendants and the entire record herein, it is this _____ day of _____, 2008,

hereby ordered that:

1.      The parties need not exchange the formal initial disclosures required by

Fed. R. Civ. 26(a)(1).

2.      All named parties are to be served within 30 days of the date of this Order.

3.      Fact discovery, including answers to interrogatories, document production,

admissions, and depositions to be completed within 180 days after the date of this Order.

4.      The number of interrogatories that may be propounded on any party is

limited to 25.

5.      The number of depositions is to be limited to 8 per side.

6.      The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

7.      Plaintiffs' expert report(s) and information shall be served no later than 30

days after the close of fact discovery.

8.      The Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

9.      All discovery on the parties' experts shall close 90 days after the close of fact discovery.

10.      All dispositive motion shall be filed no later than 30 days after the close of expert discovery.

11.      Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

12.      Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).


_____
Richard W. Roberts
United States District Judge
for the District of Columbia